LATHAM & WATKINS LLP
    Daniel M. Wall (Bar No. 102580)
    Sarah M. Ray (Bar No. 229670)
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111-6538
    Telephone: (415) 391-0600
    Facsimile:  (415) 395-8095
    Email: Dan.Wall@lw.com
    Email: Sarah.Ray@lw.com

    Elyse M. Greenwald (Bar No. 268050)
    John Hancock Tower, 27th Floor
    200 Clarendon Street
    Boston, Massachusetts 02116
    Telephone: (617) 948-6000
    Facsimile:  (617) 948-6001
    Email: Elyse.Greenwald@lw.com

ORACLE CORPORATION
    Dorian Daley (Bar No. 129049)
    Deborah K. Miller (Bar No. 95527)
    James C. Maroulis (Bar No. 208316)
    500 Oracle Parkway
    Redwood Shores, California 94065
    Telephone: (650) 506-5200
    Facsimile:  (650) 506-7114
    Email: dorian.daley@oracle.com
    Email: deborah.miller@oracle.com
    Email: jim.maroulis@oracle.com

Attorneys for Defendant
ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GREG GARRISON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, a Delaware corporation;<br><br>Defendant. | CASE NO. 5:14-cv-04592-LHK<br><br>**DEFENDANT ORACLE CORPORATION'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:   March 31, 2015<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge: Honorable Paul S. Grewal |

1

2

**DEFENDANT ORACLE CORPORATION'S**
**NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER**

3    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

4         PLEASE TAKE NOTICE THAT on March 31, 2015 at 10:00 a.m., or as soon thereafter

5    as counsel may be heard before the Honorable Paul S. Grewal, United States Magistrate Judge,

6    in Courtroom 5 of the above-captioned court, located at 280 South 1st Street, San Jose,

7    California, 95113, Defendant Oracle Corporation ("Oracle") will and hereby does move

8    pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding Plaintiff's

9    30(b)(6) deposition of Oracle regarding its collection, preservation, and production of

10   electronically stored information and its efforts to respond to Plaintiff's discovery requests.

11        This motion is based on this Notice of Motion and Motion, the accompanying

12   Memorandum of Points and Authorities, the Declaration of Sarah M. Ray in Support of

13   Oracle's Motion for a Protective Order, the records on file in this case, the oral argument of

14   counsel, and any other matter that the Court may properly consider, or that may be presented to

15   the Court at the hearing.

16        Oracle respectfully requests that the Court grant its motion and issue a protective order

17   shielding Oracle from plaintiff's premature and inappropriate 30(b)(6) deposition.

18   Dated:  February 20, 2015                         Respectfully Submitted,

19                                                     /s/ Sarah M. Ray

20                                                     Sarah M. Ray

21                                                     LATHAM & WATKINS LLP
                                                       Daniel M. Wall (Bar No. 102580)
22                                                     Sarah M. Ray (Bar No. 229670)
                                                       505 Montgomery Street, Suite 2000
23                                                     San Francisco, California 94111-6538
                                                       Telephone: (415) 391-0600
24                                                     Facsimile: (415) 395-8095
                                                       Email: Dan.Wall@lw.com
25                                                     Email: Sarah.Ray@lw.com

26                                                     Elyse M. Greenwald (Bar No. 268050)
                                                       John Hancock Tower, 27th Floor
27                                                     200 Clarendon Street
                                                       Boston, Massachusetts 02116
28                                                     Telephone: (617) 948-6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facsimile: (617) 948-6001
Email: Elyse.Greenwald@lw.com

ORACLE CORPORATION
Dorian Daley (Bar No. 129049)
Deborah K. Miller (Bar No. 95527)
James C. Maroulis (Bar No. 208316)
500 Oracle Parkway
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114
Email: dorian.daley@oracle.com
Email: deborah.miller@oracle.com
Email: jim.maroulis@oracle.com

Attorneys for Defendant
ORACLE CORPORATION

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.    INTRODUCTION**

3    Plaintiff Greg Garrison's complaint seeks to ensnare Oracle in the widely publicized "no

4    poach" conspiracy that was the subject of a U.S. Department of Justice ("DOJ") investigation

5    and is at issue in the *In re High-Tech Employee Antitrust Litigation* ("*High-Tech*") that is

6    proceeding before Judge Koh.  Both the DOJ and the *High-Tech* plaintiffs took discovery from

7    Oracle years ago, and both chose to bring no claims against Oracle.  Nonetheless, based on a

8    single Google-created document produced in the *High-Tech* litigation which mentions Oracle—

9    but describes no agreement or conduct by Oracle—Plaintiff alleges that Oracle entered into an

10    agreement with Google "not to pursue" each other's "manager level and above" employees in

11    "Sales, Product, and General and Administrative" roles.  *See* Antitrust Class Action Compl.

12    (ECF No. 1) ¶¶ 4, 19.  Oracle has denied Plaintiff's allegations and maintained throughout that it

13    had no such agreement with Google.[1]  For this reason, and the legal deficiencies in Plaintiff's

14    complaint, Oracle moved for judgment on the pleadings on January 5, 2015.  *See* Oracle Corp.'s

15    Motion for Judgment on the Pleadings (ECF. No. 17).  Oracle's motion is scheduled to be heard

16    by Judge Koh on April 23.  *See id.*

17    This case is otherwise in its infancy.  Discovery opened on January 21, 2015, after the

18    parties' first Case Management Conference before Judge Koh.  *See* Case Management Or. (ECF

19    No. 25).  Plaintiff served its first discovery requests, including thirty-nine broad requests for the

20    production of documents, on Oracle that same day.  *See* Declaration of Sarah M. Ray (Feb. 20,

21    2015) ("Ray Decl.") ¶ 2, Exs. 1 and 2.  A week later—before Oracle had produced a single

22    document and long before the February 23, 2015 deadline for Oracle's responses and

23    objections—Plaintiff served Oracle with notice of a 30(b)(6) deposition scheduled for February

24    17, 2015 to address the steps Oracle has taken to preserve, collect, and produce electronically

25

26    [1]    Indeed, the only document produced to date in this litigation confirms that there was no
such agreement between Oracle and Google.

27

28

1 | stored information and Oracle's efforts to respond to Plaintiff's pending discovery requests.  *Id.* ¶

2 | 3, Ex. 3.

3 | Oracle informed Plaintiff on February 5, 2015 that his noticed 30(b)(6) deposition was

4 | premature and inappropriate because it seeks information protected from disclosure under the

5 | attorney-client and work-product privileges.  *Id.* ¶ 4, Ex. 4.  In an attempt to compromise, Oracle

6 | offered to provide Plaintiff with information regarding its document retention, preservation, and

7 | destruction policies, as well as when and to whom Oracle issued litigation holds related to this

8 | case, if requested through an appropriate interrogatory.  *Id.*

9 | The parties met and conferred by telephone on February 11, 2015.  *Id.* ¶ 5.  Plaintiff's

10 | counsel maintained that Plaintiff could not proceed with discovery in this case without knowing

11 | where Oracle's documents are located and refused to withdraw his 30(b)(6) deposition notice,

12 | *see id.*, leaving Oracle with no choice but to seek relief from the Court.

13 | Because Plaintiff's noticed 30(b)(6) deposition is premature and seeks privileged and

14 | protected information, Oracle respectfully requests that the Court grant its motion and issue a

15 | protective order.

16 | **II.    STATEMENT OF ISSUES TO BE DECIDED**

17 | Whether a protective order is necessary to shield Oracle from Plaintiff's premature and

18 | inappropriate request for a 30(b)(6) deposition regarding Oracle's efforts to collect, preserve, and

19 | produce electronically stored information and the steps Oracle has taken to respond to Plaintiff's

20 | pending discovery requests.

21 | **III.   PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE**

22 | On January 28, 2015, without any notice or attempt to meet and confer, Plaintiff noticed a

23 | 30(b)(6) deposition of Oracle for February 17, 2015 at Hogue & Belong's offices in San Diego,

24 | California.[2]  *See* Ray Decl. ¶ 3, Ex. 3.  The deposition notice identifies ten topics for Oracle's

25 | deposition related to Oracle's document collection, preservation, and production efforts,

26 | including:

27 | 

28 | [2]    Plaintiff's unilateral attempt to schedule Oracle's deposition without first meeting and conferring with Oracle's counsel was in plain violation of N.D. Cal. L.R. 30-1.

1.   Oracle's "efforts to search for, identify, collect, and or produce documents in this litigation";

2.   "The identity of all past and present employees whose documents [Oracle] identified, collected, reviewed, searched, or considered identifying, collecting, reviewing, or searching in connection with [Oracle's] efforts to identify, collect and produce documents for this litigation";[3]

3.   "The destruction, loss, misplacement, deletion of, or inability to recover any documents relevant or potentially relevant to this litigation or responsive to Plaintiff's discovery requests, including without limitation the dates that such documents were destroyed, misplaced, or rendered no longer available or reasonably available for discovery purposes, the contents thereof, and the reason(s) for their destruction, loss, or alternation";

4.   Oracle's "document retention and document destruction policies, practices, and procedures in force at all relevant times, including the applicability or inapplicability of those polices, practices, and procedures to documents relevant or potentially relevant to this litigation";

5.   Oracle's "efforts or plans to preserve documents relevant or potentially relevant to this litigation, including but not limited to each step taken to preserve such documents";

6.   "The mechanisms or systems . . . used by [Oracle] to create, store, back-up, and recover documents relevant or potentially relevant to this litigation, including but not limited to emails, presentations and spreadsheets";

7.   Oracle's "ongoing efforts to investigate, identify, preserve, collect, and produce documents and things responsive or potentially responsive to Plaintiff's discovery

---

[3]   Request No. 2 also requests that Oracle "identify" all past and present employees whose documents Oracle "considered identifying, collecting, reviewing, or searching, in connection with [its] efforts to identify, collect and produce documents for this litigation *or any investigation leading to the filing of the litigation*." Ray Decl., Ex. 3 (emphasis added). Oracle has disregarded this last portion of Plaintiff's 30(b)(6) notice as it was clearly cut and paste from another document as Oracle did not file this litigation.

ORACLE'S MOT. FOR PROT. ORDER
CASE NO. 5:14-CV-04592-LHK

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    requests and relevant or potentially relevant to this litigation";

2    8.    "The existence, description, and location of documents relevant or potentially

3          relevant to this litigation and responsive or potentially responsive to Plaintiff's

4          discovery requests";

5    9.    "The identification (including last known address and telephone number) of any

6          person who has or is believed to have knowledge about the facts underlying the

7          foregoing topics"; and

8    10.   "The identification of any document reflecting or memorializing any facts called

9          for in the foregoing topics."

10   Ray Decl., Ex. 3.

11   **IV.    ARGUMENT**

12         Under Federal Rule of Civil Procedure 26(c)(1), the Court may issue a protective order

13   for "good cause" "to protect a party . . . from annoyance, embarrassment, oppression, or undue

14   burden or expense."  A protective order is warranted here to protect Oracle from the undue

15   burden and expense of having to prepare for and attend a premature, inappropriate, and

16   unwarranted 30(b)(6) deposition regarding its efforts to collect, preserve, and produce

17   electronically stored information and its efforts to respond to Plaintiff's pending discovery

18   requests.

19   **A.    Plaintiff's Request For A 30(b)(6) Deposition Regarding Oracle's Collection,**
          **Preservation, And Production Of Electronic Documents Is Premature**
20

21         Plaintiff's 30(b)(6) deposition notice indicates that Plaintiff seeks information regarding

22   Oracle's document preservation policies, collection, and production efforts, including the steps

23   Oracle has taken to respond to Plaintiff's pending discovery requests.  *See* Ray Decl., Ex. 3.

24   Plaintiff's demand of a 30(b)(6) deposition on these topics is premature.

25         This case is only in the very early stages of discovery.  Oracle has not yet produced a

26   single document to Plaintiff.  Indeed, Plaintiff served by mail its first set of interrogatories and

27   requests for production on January 21, 2015, *see* Ray Decl. ¶ 2, and under Fed. R. Civ. P. 34,

28   Oracle's responses and objections are not due until February 23, 2015.  Oracle intends to comply

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ORACLE'S MOT. FOR PROT. ORDER
CASE NO. 5:14-CV-04592-LHK

1  fully with its obligations under the Federal Rules but its review of Plaintiff's interrogatories and

2  requests for production remains ongoing.  Ray Decl. ¶ 2.  And, in accordance with Rules 33 and

3  34, Oracle intends to raise objections to Plaintiff's requests and anticipates that the parties will

4  need to engage in a meaningful meet and confer process before Oracle can collect, process, and

5  produce documents or otherwise respond to Plaintiff's requests.  *Id.*  As a result, Oracle is not in

6  a position where it can answer questions regarding its identification, collection, and production

7  of documents responsive to Plaintiff's requests, as such efforts remain ongoing.[4]

8          Moreover, courts have refused to compel 30(b)(6) depositions regarding a defendant's

9  preservation and maintenance of electronically stored information at the outset of discovery.  For

10  example, in *Miller v. York Risk Services Group*, 2014 WL 1456349, at *1 (D. Ariz. Apr. 15,

11  2014), the district court denied plaintiffs' motion to compel the defendant to sit for a 30(b)(6)

12  deposition regarding "the manner and methods used by the defendant to store and maintain

13  electronic data."   The district court rejected plaintiffs' argument—the same argument raised by

14  Plaintiff here—that "starting with discovery of the manner and means of how Defendant stores

15  ESI will allow them to tailor requests in the future."  *Id.* at *2.  The *Miller* court concluded that

16  the opposite was true:  "starting discovery with such an inquiry puts the cart before the horse and

17  will likely increase, rather than decrease, discovery disputes."  *Id.*  The court further held that

18  "[i]nstead of beginning with a deposition that address[es] nothing but process, discovery should

19  start with inquiries that seek substantive information."  *Id.*

20          As in *Miller*, there is no reason to begin discovery in this case by subjecting Oracle to a

21  wide ranging Rule 30(b)(6) deposition regarding the manner and methods Oracle employs to

22  maintain its electronic information or its efforts to respond to Plaintiff's discovery requests.

23  Plaintiff does not need this information to propound discovery upon Oracle, as is evident from

24  the thirty-nine broad document requests already served, nor is inquiry into these topics

25  appropriate at this early stage of discovery.

26

27  [4]      In any event, Oracle's efforts to respond to Plaintiff's discovery requests are privileged
        under both the attorney-client privilege and work-product doctrine, as explained *infra* at Section
28  IV.B.

B.   **Plaintiff's 30(b)(6) Deposition Notice Seeks Information That Is Protected From Disclosure Under the Attorney-Client Privilege And Work-Product Doctrine**

Plaintiff's noticed 30(b)(6) deposition is also inappropriate because much of the information it seeks to elicit regarding Oracle's preservation efforts and responses to Plaintiff's discovery requests is shielded from disclosure by the attorney-client privilege and work-product doctrine.  The work-product doctrine protects materials that reveal an attorney's strategy and thought processes, *see, e.g., Hickman v. Taylor*, 329 U.S. 495, 511 (1947), including an attorney's opinions related to document preservation and responses to discovery requests.  *See, e.g., EEOC v. Boeing Co.*, 2007 U.S. Dist. LEXIS 29107, at *7 (D. Ariz. Apr. 18, 2007) (refusing to compel 30(b)(6) deposition on topic that required "defense counsel's legal theories regarding the manner in which defendant responded to plaintiff's [discovery] requests," due to impingement on attorney-client and work-product privileges); *Ingersoll v. Farmland Foods, Inc.*, 2011 U.S. Dist. LEXIS 31872, at *16-18 (D. Mo. March 28, 2011) (granting protective order shielding defendant from 30(b)(6) deposition on procedures it had taken to search, locate, gather, and produce responsive documents because this information was protected by the attorney-client privilege and work-product doctrine); *In re Bilzerian*, 258 B.R. 846, 849 (Bankr. M.D. Fla. Jan. 29, 2001) (issuing a protective order to preclude 30(b)(6) deposition where deposition would "impinge on the work product . . . [and] allow unwarranted inquiries into the mental impressions" of a party's counsel); *see also Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123-24 (N.D. Ga. 2007) (denying plaintiff's request for the contents of defendant's litigation hold notice because such "instructions are often, if not always, drafted by counsel, [and] involve their work product").

At a minimum, topics nos. 1, 2, 5, 7, and 10 of Plaintiff's 30(b)(6) notice inappropriately seek to solicit information that is privileged and protected by the attorney-client privilege and work-product doctrine.  *See* Ray Decl., Ex 3.  Topic no. 1, for example, seeks information related to Oracle's "efforts to . . . *identify* . . . documents in this litigation."  *Id.* (emphasis added).  Topic no. 2 asks for "the identity of all past and present [Oracle] employees whose documents [Oracle] identified . . . *or considered* identifying, collecting, reviewing, or searching."  *Id.* (emphasis

ORACLE'S MOT. FOR PROT. ORDER
CASE NO. 5:14-CV-04592-LHK

added).  Topic no. 5 asks about Oracle's "*efforts and plans* to preserve documents relevant or potentially relevant" including "each step undertaken to preserve such documents."  *Id.* (emphasis added).  Topic no. 7 seeks information related to Oracle's "*ongoing efforts to investigate* . . . documents and things responsive or potentially responsive to Plaintiff's discovery requests and relevant or potentially relevant to this litigation."  *Id.* (emphasis added).  And topic no. 10 seeks "any document reflecting or memorializing any facts called for in" the ten noticed topics, which would include any litigation hold letters.  *See id.* (emphasis added).  Each of these topics clearly calls for information related to Oracle's "counsel's legal theories" and "the manner in which [Oracle intends to] respond[] to plaintiff's requests," *Boeing Co.*, 2007 U.S. Dist. LEXIS 29107, at *7, and is protected by the attorney-client privilege and work-product doctrine.

Instead of enduring a day long deposition where Plaintiff seeks to obtain privileged and protected information, Oracle offered to provide Plaintiff, if requested through an appropriate interrogatory, non-privileged information regarding its document retention, preservation, and destruction policies; and when and to whom litigation holds related to this case were issued.  *See* Ray Decl. ¶ 4, Ex. 4.  But Plaintiff refused this offer, *see id.* ¶ 5, confirming that all Plaintiff seeks is to subject Oracle to a wasteful, expensive, and burdensome deposition.

**C.     The Discovery Plaintiff Seeks Is Only Appropriate Where There Has Been A Showing Of Discovery Misconduct**

Courts generally only compel 30(b)(6) depositions regarding a defendant's collection, preservation, and production efforts where discovery is well underway and there is evidence of discovery misconduct.  *See, e.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, 2009 U.S. Dist. LEXIS 117314, at *7-9 (E.D. Pa. Dec. 16, 2009) (denying motion to compel 30(b)(6) deposition regarding the existence, location, and preservation of documents where there was no evidence of spoliation); *Orillaneda v. French Culinary Inst.*, 2011 U.S. Dist. LEXIS 105793, at *17 (S.D.N.Y. Sept. 19, 2011) ("the search and maintenance of a party's information systems may be relevant . . . when the documents already produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed") (citation and quotations omitted).  Absent a showing of misconduct or spoliation, courts have repeatedly found that "discovery

1    about discovery" is not relevant to a plaintiff's claims. *See, e.g., Orillaneda*, 2011 U.S. Dist.

2    LEXIS 105793, at *27 (holding that "plaintiff's requests for discovery of defendant's search

3    procedures and information systems do not seek relevant information"); *Advante Int'l Corp. v.*

4    *Mintel Learning Tech.*, 2006 U.S. Dist. LEXIS 86334, at *13-14 (N.D. Cal. 2006) (refusing to

5    compel "discovery about discovery" because it is was not "reasonably calculated to lead to the

6    discovery or admissible evidence"). As discovery has just begun and there is no evidence of any

7    discovery misconduct or spoliation, the information Plaintiff seeks through his 30(b)(6)

8    deposition of Oracle is irrelevant and inappropriate, and should be prohibited by the Court.

9    **V.      CONCLUSION**

10   For the foregoing reasons, Oracle respectfully requests that the Court grant its motion and

11   issue a protective order precluding Plaintiff from proceeding at this time with its 30(b)(6)

12   deposition of Oracle.

13   Dated:  February 20, 2015                      Respectfully submitted,

14
                                                    By /s/ Sarah M. Ray
15                                                      Sarah M. Ray

16                                                  LATHAM & WATKINS LLP
                                                       Daniel M. Wall (Bar No. 102580)
17                                                     Sarah M. Ray (Bar No. 229670)
                                                       505 Montgomery Street, Suite 2000
18                                                     San Francisco, California 94111-6538
                                                       Telephone: (415) 391-0600
19                                                     Facsimile: (415) 395-8095
                                                       Email: Dan.Wall@lw.com
20                                                     Email: Sarah.Ray@lw.com

21                                                     Elyse M. Greenwald (Bar No. 268050)
                                                       John Hancock Tower, 27th Floor
22                                                     200 Clarendon Street
                                                       Boston, Massachusetts 02116
23                                                     Telephone: (617) 948-6000
                                                       Facsimile: (617) 948-6001
24                                                     Email: Elyse.Greenwald@lw.com

25                                                  ORACLE CORPORATION
                                                       Dorian Daley (Bar No. 129049)
26                                                     Deborah K. Miller (Bar No. 95527)
                                                       James C. Maroulis (Bar No. 208316)
27                                                     500 Oracle Parkway
                                                       Redwood Shores, California 94065
28                                                     Telephone: (650) 506-5200

1  |  Facsimile: (650) 506-7114
    Email: dorian.daley@oracle.com

2  |  Email: deborah.miller@oracle.com
    Email: jim.maroulis@oracle.com

3

    Attorneys for Defendant

4  |  ORACLE CORPORATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S MOT. FOR PROT. ORDER
CASE NO. 5:14-CV-04592-LHK

9