1  JEFFREY L. HOGUE, ESQ. (SBN 234557)
   TYLER J. BELONG, ESQ. (SBN 234543)
2  BRYCE A. DODDS, ESQ. (SBN 283491)
   **HOGUE & BELONG**
3  430 Nutmeg Street, Second Floor
   San Diego, CA 92103
4  Telephone No:  (619) 238-4720
   Facsimile No:   (619) 270-9856
5  jhogue@hoguebelonglaw.com
   tbelong@hoguebelonglaw.com
6  bdodds@hoguebelonglaw.com

7  DAVID R. MARKHAM, ESQ. (SBN 071814)
   PEGGY REALI, ESQ. (SBN 153102)
8  JANINE MENHENNET, ESQ. (SBN 163501)
   MAGGIE K. REALIN, ESQ. (SBN 263639)
9  **THE MARKHAM LAW FIRM**
   750 B Street, Suite 1950
10 San Diego, CA 92101
   Telephone No.: (619)399-3995
11 Facsimile No.: (619) 615-2067
   dmarkham@markham-law.com
12 preali@markham-law.com
   jmenhennet@markham-law.com
13 mrealin@markham-law.com

14 Attorneys for Plaintiff Greg Garrison

15

16

17            **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19            **SAN JOSE DIVISION**

20

21 GREG GARRISON,  individually and  on behalf
   of all others similarly situated;

22

23            vs.

24

25 ORACLE CORPORATION, a Delaware
   corporation;

26            Defendant.

27

28

|   |   |
|---|---|
| CASE NO.: 5:14-cv-04592-LHK | |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INITIAL DISCLOSURES FROM DEFENDANT ORACLE**

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Hearing Date:    April 21, 2015
Hearing Time:   10:00 a.m.
Courtroom:       Courtroom 5, 4th Floor
Magistrate Judge: Hon. Paul S. Grewal

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................... 1

III. ARGUMENT ............................................................................................................... 2

    A. Defendant Has Waived its Objections to the Scope of Its Rule 26 Disclosure Obligations. .......................................................................................................... 2

    B. Oracle's Initial Disclosures Do Not Enable Plaintiff to Determine Which of Defendant's Records Need to Be Examined and Properly Frame Future Discovery Requests for Said Records ................................................................................... 3

        1. The Initial Disclosures Fail to Permit Plaintiff to Make an Informed Decision Concerning the Documents He Might Need to Examine ............... 4

        2. Defendant's Initial Disclosures Fail to Permit Plaintiff to Properly Frame his Document Requests. ....................................................................... 6

    C. Defendant's Disclosure Violates Rule 26(a) because It Does Not Sufficiently Identify the Location of Each Electronically Stored Record. .................................. 6

    D. Defendant's Disclosure Advances an Improper Litigation Tactic. ......................... 7

    E. Defendant's Pending Motion for Judgment on the Pleadings Is Not an Adequate Excuse for Its Failure to Disclose. ...................................................................... 8

    F. Defendant's Failure to Comply With its Initial Disclosure Obligations Subjects Defendant to Mandatory Sanctions. ....................................................................... 9

        1. *Defendant Should be Precluded from Relying on Any Documents Because its Disclosures Were so Broad as to Amount to a Failure to Disclose.* ...... 10

        2. *Defendant Must Also Be Responsible for Plaintiff's Attorney's Fees in Bringing this Motion to Compel.* ............................................................ 11

        3. *Plaintiff Also Requests Additional Sanctions for Defendant's Failure to Obey the Court's Case Management Order.* ............................................. 12

IV. CONCLUSION .......................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Federal Cases**

*ATEN Int'l Co. Ltd. V. Emine Tech. Co.*,
   261 F.R.D. 112 (E.D. Tex. 2009) ............................................................................................8

*FTC v. AMG Servs.*,
   2014 U.S. Dist. LEXIS 10240 (D. Nev. Jan. 28, 2014) .............................................................4

*Hoffman v. Constr. Protective Servs.*,
   541 F.3d 1175 (9th Cir. 2008) ................................................................................................10

*Honor Plastics Indus. Co. v. Lollicup USA, Inc.*,
   2006 U.S. Dist. LEXIS 82030 (E.D. Cal. Oct. 31, 2006) .......................................................3, 4

*Switch Communs. Group v. Ballard*,
   2011 U.S. Dist. LEXIS 101526 (D. Nev. Sept. 7, 2011) .........................................................10

*Torres v. City of Los Angeles*,
   540 F.3d 1031 (9th Cir. 2008) ..................................................................................................7

**Rules**

FRCP 26 ............................................................................................................ *passim*

FRCP 37 ...........................................................................................................9, 10, 11, 12

FRCP 26(a)(1)(B) Adv. Comm. Notes to 1993 Amendments ...............................................3, 4, 6, 7

FRCP 26(a)(1)(B) Adv. Comm. Notes to 2000 Amendments .........................................................3

**Other Authorities**

Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial*,
   (The Rutter Group 2011) ..................................................................................... *passim*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE OF MOTION AND MOTION</u>

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on April 21, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, Plaintiff Greg Garrison ("Mr. Garrison") will move for an order compelling Defendant Oracle Corporation's ("Defendant") to produce supplemental initial disclosures.

    The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tyler J. Belong in Support Thereof, as well as other pleadings on file in this matter, oral argument to be presented to the Court, and other such matters the Court may consider.

    Mr. Garrison respectfully requests that this Court grant his motion.

Dated:    March 13, 2015           **HOGUE & BELONG**

                          By:    */s/ Tyler J. Belong*
                                   JEFFREY L. HOGUE, ESQ.
                                   TYLER J. BELONG, ESQ.
                                   BRYCE A. DODDS, ESQ.

                                   Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Greg Garrison moves to compel Defendant Oracle Corporation to supplement its Initial Disclosures because its disclosures fail to describe documents with the level of specificity required by Federal Rules of Civil Procedure ("FRCP") Rule 26(a).  For the reasons set forth below, the Court should grant Plaintiff's motion.

## II.    STATEMENT OF FACTS

On **October 14, 2014**, Mr. Garrison filed his class action complaint against Defendant for various violations of federal and California antitrust laws. ECF No. 1.

On **January 5, 2015**, Defendant moved for judgment on the pleadings, which is scheduled to be heard on April 23, 2015. ECF No. 17.

On **January 13, 2015** the parties' initial disclosures under Rule 26(a) were due. Belong Dec. ¶ 2; *see* FRCP 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order). Plaintiff produced his initial disclosures on that date.  Defendant, however, did not. Belong Dec. ¶ 2.  Although the parties' initial disclosures were due on January 13, 2015, Defendant never served its disclosures until the Court ordered it to do so. Belong Dec. ¶¶ 2–4; *see* Ex. A.

On **February 4, 2015**, Mr. Garrison finally received Defendant's FRCP 26 initial disclosures. Belong Dec. ¶ 4; *see* Ex. B.  But, other than a three-page insurance statement, Defendant's disclosures did not contain any documents. *Ibid.*  Rather, the disclosures vaguely identified nineteen categories of documents as follows:

- Documents relating to Oracle's hiring and recruiting policies, practices and procedures;
- Documents relating to the policies, practices and procedures of Oracle's human resources department;
- Documents relating to Oracle's organizational structure;
- Documents relating to Oracle's business operations;
- Documents relating to Oracle's communications and agreements with current, former and potential Oracle customers, consultants and joint venture partners relating to hiring and recruiting;
- Documents relating to Plaintiff's employee files and records at Oracle;
- Documents identified by Oracle in its Motion for Judgment on the Pleadings (Dkt. 17) and attached as Exhibits to Oracle's Request for Judicial Notice and Supporting

-1-

Declaration (Dkt. 18);
- Documents filed publicly in any other so called "no-poach" litigation;
- Documents Oracle produced in response to the 2010 DOJ Civil Investigative Demand that are relevant to Plaintiff's claims;
- Documents relating to market and/or competitive analyses;
- Documents relating to industry history and dynamics;
- Documents relating to Plaintiff's statute of limitations tolling theories, including allegations of a continuing violation and fraudulent concealment;
- Documents relating to Plaintiff's claims for damages;
- Documents that Plaintiff identifies in its Rule 26(a)(1) disclosures;
- Documents that Oracle receives from Plaintiff and third parties during the course of discovery;
- Pleadings, motions and other documents filed in this litigation;
- Documents that Oracle produces in response to Rule 34 requests;
- Documents marked as deposition exhibits in this litigation; and
- Documents relied on by experts in this litigation.

*See* Ex. B, at 5:4–6:3.  In its disclosures, Defendant concedes that its categories of documents were "broad," but bluntly states it would wait until April 23, 2015—when the Court will decide Defendant's motion for judgment on the pleadings—before identifying relevant documents. *See* Ex. B at 4:21-25.

On **February 10, 2015**, Plaintiff's counsel sent defense counsel a meet and confer letter regarding Defendant's insufficient categorization of documents, requesting that Oracle supplement to describe the documents more specifically. Belong Dec. ¶ 5; *see* Ex. C.  The parties also met and conferred by e-mail between February 10, 2015 and February 12, 2015. Belong Dec. ¶ 5; *see* Ex. D.

On **February 11, 2015**, the parties met and conferred further by telephone, and while Plaintiff agreed to supplement his disclosures, Defendant still refused to supplement its disclosures.  Belong Dec. ¶ 6; *see* Ex. D.

## III.    ARGUMENT

### A.    Defendant Has Waived its Objections to the Scope of Its Rule 26 Disclosure Obligations.

Any objection to a party's duty to disclose under Rule 26 must be raised at or before the Rule 26(f) conference. FRCP 26(a)(1)(C); Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial*, § 11:300 (The Rutter Group 2011) ("Schwarzer").  Indeed, the initial disclosures may only be excused by stipulation or court order. FRCP 26(a)(1)(A); *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial*, § 11:311.  Thus, to obtain relief from the Initial Disclosure

1   obligation, or to limit the scope of that obligation, a party should object and then file a motion for

2   protective order. FRCP 26(a)(1)(A) and 26(c); and Schwarzer at § 11:312; *and see* Adv. Comm.

3   Notes on 2000 Amendments to FRCP 26(a) ("The right to object to initial disclosure is not

4   intended to afford parties an opportunity to 'opt out' of disclosure unilaterally.").

5           Here, the parties engaged in the Rule 26(f) conference on December 29, 2014, and

6   Defendant never raised any objections to its Rule 26(a) disclosure obligations. Belong Dec. at ¶ 2.

7   Then, on January 13, 2015—the deadline for the parties to produce their respective initial

8   disclosures—Plaintiff served his initial disclosures, but Defendant decided not to serve its

9   disclosures, nor did it even raise any objections until days later. *Id.* at ¶¶ 2–4; Joint Case

10  Management Statement (ECF No. 19) at 8:13-15, 9:20–10:4,12:3–13:22.  Thus, Defendant waived

11  its right to object to the scope of its initial disclosure obligations.  And, to date, Defendant has not

12  filed any motion for protective order concerning its initial disclosure obligations. Belong Dec. ¶ 2.

13          Even after the Court ordered Defendant to serve its initial disclosures on February 4th,

14  Defendant declined to file a motion for protective order, instead unilaterally limiting its

15  disclosures to vague, broad-sweeping phrases to describe documents it purportedly intends to rely

16  on. *See* Ex. B at 5-6; Belong Dec. ¶ 2.  Defendant has waived its objections and should not be able

17  to unilaterally withhold legitimate initial

18

19          **B.   Oracle's Initial Disclosures Do Not Enable Plaintiff to Determine Which of**
20              **Defendant's Records Need to Be Examined and Properly Frame Future Discovery**
                **Requests for Said Records.**

21          Without the necessity of any formal discovery request, "each party must disclose to other

22  parties certain information regarding witnesses, documents, damage computations and liability

23  insurance." *Cal. Prac. Guide: Fed. Civil Procedure Before Trial*, § 11:220 (The Rutter Group

24  2011) (citing FRCP 26(a)(1)); *Honor Plastics Indus. Co. v. Lollicup USA, Inc.*, 2006 U.S. Dist.

25  LEXIS 82030, *5 (E.D. Cal. Oct. 31, 2006).  These initial disclosures "must *describe* and

26  *categorize* the nature and location of documents and records 'that the disclosing party . . . may use

27  to support its claim or defenses.'" Schwarzer, § 11:270 (citing FRCP 26(a)(1)(A)(ii); Fed. R. Civ.

28  P.  26(a), Adv. Comm. Notes on 1993 Amendments to FRPC 26(a)(1)(B)).

1     FRCP 26(a)'s initial disclosure requirements serve four important functions: First, "initial

2     disclosures advance the Rules' primary purpose, which is 'to secure the just speedy, and

3     inexpensive determination of every action and proceeding.'" *FTC v. AMG Servs.*, 2014 U.S. Dist.

4     LEXIS 10240, 19 (D. Nev. Jan. 28, 2014) (citing Fed. R. Civ. P. 26(a), Adv. Comm. Notes on

5     1993 Amendments).  "Second, initial disclosures focus litigation by requiring parties to identify

6     'basic,' 'core information' at the beginning of the lawsuit." *Id.* at 19-20 (citing Wright & Miller,

7     Federal Practice & Procedure: Civil § 2053 (3d ed. 2010) ["A central goal of all versions of initial

8     disclosure has been to get out the basic information at an early point"]).  "Third, initial disclosures

9     eliminate undue waste, delay, and paper work by streamlining the discovery process." *Id.* at

10    20.  "Fourth, initial disclosures prevent 'unfair surprise,' 'sandbagging,' and 'trial by ambush.'"

11    *Id.* (citing, *inter alia*, *Torres v. City of Los Angeles*, 540 F.3d 1031, 1047 *superseded on other*

12    *grounds*, 548 F.3d 1197 (9th Cir. 2008)).

13          With the foregoing principles in mind, the Advisory Committee responsible for Rule 26

14    amendments has stated that:

15          "the disclosure should describe and categorize. . . the nature and location of
          potentially relevant documents and records, including computerized data and other
16         electronically-recorded information, **sufficiently to enable opposing parties:**

17          **(1) to make an informed decision concerning which documents might
          need to be examined, at least initially, and**

18

19          **(2) to frame their document requests in a manner likely to avoid
          squabbles resulting from the wording of the requests**."

20    Adv. Comm. Notes on 1993 Amendments to FRCP 26(a)(1)(B) (emphasis added).  For the reasons

21    stated below, Oracle's Initial Disclosure blatantly violates both of the above tenets identified by

22    the Advisory Committee.

23                    **1.   The Initial Disclosures Fail to Permit Plaintiff to Make an Informed
                           Decision Concerning the Documents He Might Need to Examine.**
24

25          A disclosure violates Rule 26 where, as here, the descriptions of documents are so vague

26    and overbroad that no reasonable litigant could make an informed decision concerning which

27    documents might need to be examined. *See* Adv. Comm. Notes on 1993 Amendments to FRCP

28    26(a)(1)(B).  Here, Defendant concedes that its descriptions are broadly stated. *See* Ex. B ("Oracle

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INITIAL
DISCLOSURES FROM DEFENDANT ORACLE
5:14-cv-04592-LHK

notes that . . . these descriptions . . . identify broad categories of documents.")  Further, the categories identified by Defendant are so broad and so ambiguous that they disclose no meaningful information regarding the scope, subject matter, or topics of content of the described documents. *Id.*  Indeed, Defendant's initial disclosures lack specificity and expansively categorize the documents as "relating to."  The following examples highlight this point:

- *"Documents relating to Oracle's hiring and recruiting policies, practices and procedures"*
- *"Documents relating to market and/or competitive analyses"*
- *"Documents relating to industry history and dynamics"*
- *"Documents relating to Oracle's business operations"*

The categories of documents above are so broad that they each could literally refer to <u>any</u> document that has anything to do with the way that Defendant, a multi-national, publicly-traded corporation, does business.  Thus, the categories it uses could be as far reaching as including virtually any domestic or international documents, regardless of subject matter, time frame, or content, because the above categories encompass any document having anything to do how Defendant operates its business.  As such, neither Plaintiff nor his counsel can decipher what documents Oracle is referencing.

Furthermore, Defendant's descriptions are hopelessly vague.  For example, Plaintiff has no idea what Defendant means by "competitive analyses" or "industry history" or "dynamics" or even "business operations". Belong Dec. ¶ 6.  And, the meet and confer correspondence and conversations with Defendant's counsel on this topic did nothing to enable a meaningful understanding of these categories, as Defendant's counsel was either unable or unwilling to explain what the terms meant. *Id.*

For the foregoing reasons, Defendant's Initial Disclosure fails to adequately describe documents in a manner sufficient to permit Plaintiff or his counsel to make an informed decision concerning which documents might need to be examined.  As such, Defendant has violated Rule 26(a) and should be compelled to supplement its disclosures and or be sanctioned (see section III.F, *infra*).

1

2

**2.      Defendant's Initial Disclosures Fail to Permit Plaintiff to Properly Frame his Document Requests.**

3      A disclosure violates Rule 26 where, as here, the descriptions of documents are so vague

4   and overbroad that they do not permit opposing parties to frame document requests in a manner

5   likely to avoid discovery disputes over the phrasing of the requests. *See* Adv. Comm. Notes on

6   1993 Amendments to FRCP 26(a)(1)(B).  For the reasons stated above, the reasonable litigant,

7   including Plaintiff, cannot gain any meaningful information based on the broad and enigmatic

8   categories of documents Defendant described in its Initial Disclosure.  As such, Defendant has

9   inhibited Plaintiff's ability to frame discovery requests in a manner likely to avoid future

10   discovery disputes.  Indeed, Defendant's disclosures are so broad that they tell Plaintiff nothing

11   about the documents involved themselves, such that he has no way of narrowly requesting them in

12   the course of discovery.  Plaintiff cannot craft a request for documents if he cannot even decipher

13   which documents Defendant references.  In fact, Defendant's categories of documents are so

14   broad that Defendant may as well have simply identified one category as follows: "every single

15   non-privileged document in the possession and control of Oracle." *C.f.*, Ex. B at 5-6.

16      For this reason, Defendant's Initial Disclosure violates Rule 26 and Defendant should be

17   compelled to supplement that disclosure and or be sanctioned (see section III.F, *infra*).

18

19

20

**C.   <u>Defendant's Disclosure Violates Rule 26(a) because It Does Not Sufficiently Identify the Location of Each Electronically Stored Record.</u>**

21      As stated, the initial disclosures require all parties to provide "a copy—or a description by

22   category ***and location***—of all documents, electronically stored information, and tangible things . .

23   . ." FRCP 26(a)(1)(ii).

24      Here, Defendant's categories of disclosed documents are so broadly and vaguely worded

25   (see section III.B, supra) that Plaintiff cannot tell *what* the documents are, let alone *where* they are

26   located.  In its Initial Disclosure, Defendant sets forth 19 cryptic categories of documents, but

27   never identifies the location of any of these particular categories of documents.  Instead,

28   Defendant vaguely and broadly states that all documents "are located in ***various Oracle offices***

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INITIAL DISCLOSURES FROM DEFENDANT ORACLE
5:14-cv-04592-LHK

1   and facilities, including at Oracle Corporate headquarters, 500 Oracle Parkway, Redwood Shores,

2   CA 94065, as well as maintained as part of Oracle's electronically stored information, which are .

3   . . located on **Oracle's computer systems** and on **individual media**."  In short, Defendant has

4   provided Plaintiff no more useful information than if it were to have simply disclosed that every

5   document Defendant intends to rely on is located "within Defendant's possession and control."

6           Oracle is not a family-owned five-and-dime store, but rather a multinational, publicly

7   traded corporation.  To state that all of the "disclosed" categories of documents are located at

8   Oracle is not helpful to Plaintiff at all.   As such, Defendant's disclosures violate Rule 26(a)(1)(ii)

9   and Defendant should be compelled to supplement and or be sanctioned (see section III.F, *infra*).

10

11          **D.  Defendant's Disclosure Advances an Improper Litigation Tactic.**

12          The Advisory Committee Notes on Rule 26 expressly caution that "[t]he litigants should

13  not indulge in gamesmanship with respect to the disclosure obligations." Adv. Comm. Notes on

14  1993 Amendments to FRCP 26(a).  Likewise, the "initial disclosures prevent 'unfair surprise,'

15  'sandbagging,' and 'trial by ambush.'" *Id.* (citing, *inter alia, Torres v. City of Los Angeles*, 540

16  F.3d 1031, 1047 *superseded on other grounds*, 548 F.3d 1197 (9th Cir. 2008)).

17          Here, contravening the purpose of Rule 26(a), Defendant sets forth immensely broad

18  "catch-all" categories of documents, permitting Defendant to later surprise Plaintiff at trial or

19  during motion practice with any number of previously undisclosed documents which Defendant

20  will no doubt contend fell within one of the "catch-all" categories of disclosures.

21          By way of example, where Defendant discloses "Documents relating to industry history

22  and dynamics," the term "dynamics" could virtually mean anything Defendant later wants it to

23  mean once the parties are engaged in trial or motion practice, and Defendant finds itself in need of

24  introducing some new previously-undisclosed documents.  Defendant's broadly worded

25  disclosures provide no useful information and are commensurate to merely identifying "all

26  documents located at Oracle."  This suggests that Defendant has employed the improper litigation

27  tactics of sandbagging in favor of promoting unfair surprise. *See, e.g.*, *Torres*, 540 F.3d at 1047.

28  ///

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INITIAL
DISCLOSURES FROM DEFENDANT ORACLE
5:14-cv-04592-LHK

Thus, Defendant's initial disclosures represent nothing more than an attempt to feign compliance with FRCP's actual requirements and objectives while simultaneously creating broad, "catch-all" categories of documents that would permit Defendant to later introduce almost any document.  Because this contravenes the clear legislative intent in creating FRCP 26(a), this Court should compel Defendant to issue further, proper initial disclosures.

**E.   Defendant's Pending Motion for Judgment on the Pleadings Is Not an Adequate Excuse for Its Failure to Disclose.**

Assuming *arguendo*, Defendant did not waive its objections, its disclosures should still be supplemented.  Defendant objects that the reason it identified virtually every single document in Defendant's possession or control was because Plaintiff's complaint was "so conclusory and lacking factual detail that it provides little to no guidance to Oracle about the basis for Plaintiff's claims. . . ."  Ex. B at 3:1-4.  As such, Defendant contends that it ought to be permitted to wait until after Defendant's Motion for Judgment on the Pleadings before supplementing to provide specific and meaningful responses.  For the reasons stated below, Defendant is wrong.

"[P]ending motions to dismiss, to remand or to change venue" do not excuse parties from making initial disclosures. Schwarzer, § 11:225 (citing *ATEN Int'l Co. Ltd. V. Emine Tech. Co.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009) ("The mere pendency of your motion does *not* by itself stay your obligations regarding disclosure.")  Likewise, a party "is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." FRCP 26(a)(1)(E).

Here, Defendant attempts to unilaterally "excuse" itself from making adequate, proper initial disclosures by arguing it can better identify relevant documents "after the Motion for Judgment on the Pleadings has been resolved, after any operative complaint has been filed, and after the claims and defenses have been set."  Belong Dec. ¶ 4; *see* Ex. B at 4:21-25.  This position is in direct contravention of Rule 26(a)(1)(E) and *ATEN*, *supra*.

///

Furthermore, Defendant's initial disclosures disobey the Court's prior order. *See* Ex. A. The Court knew about Defendant's pending Motion for Judgment on the Pleadings, but still ordered Defendant to comply with its FRCP 26 obligations and produce its disclosures by February 4, 2015. *Id.* at 1:25-27, Tr. at 2:14-16, 16:6-8.  In fact, the Court discussed aspects of the Motion for Judgment on the Pleadings with both counsel and never provided Defendant any basis for believing it could skirt its obligation to specifically identify real documents per Rule 26(a). *Id.*

Finally, Defendant's position—that Plaintiff's claims are too vague to permit Defendant to intelligently disclose—is wholly controverted by the facts Plaintiff alleges in his Complaint.  The Complaint contains a detailed description of the precise "agreement" that allegedly violated the relevant antitrust laws. ECF No. 1, at ¶ 19 (Oracle, Google, and other companies agreed "[n]ot to pursue manager level and above candidates for Product, Sales, or G&A roles – even if they have applied to [any of the other companies who are parties to the Restricted Hiring Agreement.").  The Complaint even cites verbatim from the express language of that written Restricted Hiring Agreement. *Id.*   The Complaint further details the time frame that the agreement was created, as well as some of the actors (including current and former CEOs Safra Katz and Larry Ellison) who allegedly helped establish the unlawful agreement. *Id.* at ¶ 46.

Accordingly, Defendant's currently pending Motion for Judgment on the Pleadings has no impact on the documents Defendant must disclose.  Defendant must be held accountable for its deficient disclosures and compelled to provide Plaintiff further initial disclosures, or alternatively, as discussed below, be precluded from relying on any documents due to its failure to comply with its initial disclosure obligations.

### F. **Defendant's Failure to Comply With its Initial Disclosure Obligations Subjects Defendant to Mandatory Sanctions.**

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FRCP 37(a)(3)(A).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4)*; see also Schwarzer* at § 11:312, citing the Advisory Committee Notes ("Because of the

potential sanctions for nondisclosure [ ] be *scrupulous* in describing available documents.  You

risk losing the right to rely on such documents at trial if it can be argued your initial description

did not adequately identify their existence.")

      Here, Defendant's evasive and incomplete disclosures is equivalent to a failure to disclose,

subjecting Defendant to the sanction of evidence preclusion as well as monetary sanctions—

particularly given Defendant's refusal to supplement even after meet and confer efforts.

### 1. *Defendant Should be Precluded from Relying on Any Documents Because its Disclosures Were so Broad as to Amount to a Failure to Disclose.*

      FRCP 37(c)(1) "gives teeth" to FRCP 26(a)'s initial disclosure requirements by providing

for mandatory sanctions, ***forbidding*** any party failing to make required initial disclosures under

FRCP 26(a) or (2) from using "that information . . . to supply evidence on a motion, at a hearing,

or at a trial, unless" the party facing sanctions carries its burden of proving the failure was

substantially justified or is harmless. FRCP 37(c)(1)(A)-(C); *see also Hoffman v. Constr.*

*Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting *Yeti by Molly, Ltd. v. Deckers*

*Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)); *see also Switch Communs. Group v.*

*Ballard,* 2011 U.S. Dist. LEXIS 101526, *27 (D. Nev. Sept. 7, 2011) (cautioning the plaintiff that

if it has not produced all documents in its possession that it intends to rely on at trial, it will be

precluded from using them to support its case).  Rule 37's sanction of evidence preclusion "is not

dependent on a finding of willfulness or bad faith," Schwarzer at § 11:341.1 (citing *Hoffman*, 541

F.3d at 1180), and is meant to provide "a strong inducement for disclosure of material that the

disclosing party would expect to use as evidence." *Id.* at § 11:341 (citing *Yeti*, 259 F.3d at 1106).

In deciding whether a failure to comply with disclosure requirements qualifies as substantially

justified or harmless, courts consider (1) "the importance of the evidence;" (2) "whether the party

against whom it is offered is prejudiced or surprised;" (3) the ability of the party against whom the

evidence is offered to discover the evidence; (4) "whether the nondisclosure was willful or

inadvertent;" and (5) "whether exclusion of the evidence would disrupt trial." *Id.* at § 11:331-

11:332 (citing *Hoffman*, 541 F.3d at 1179; *Yeti*, 259 F.3d at 1106).

///

1      Here, the foregoing factors the Court must consider counsel conclusively in favor of

2 finding that the Defendant was not "substantially justified" in its failure to disclose: (1) the

3 evidence not disclosed is highly important and largely in Defendant's possession, (2) Plaintiff will

4 be seriously prejudiced or surprised should Defendant later offer such evidence in a motion or at

5 trial; (3) Plaintiff has almost no ability to discover the evidence on which Defendant intends to

6 rely because the relevant documents are almost exclusively in Defendant's possession and

7 Defendant's categories are simply too broad to allow Plaintiff to craft discovery requests; (4)

8 Defendant's nondisclosure was willful and persisted even after meet and confer efforts and a Court

9 order (*see* Section III.E, *supra.*); and (5) exclusion of the evidence would not disrupt trial because

10 the trial date remains a ways out.

11      Thus, Rule 37's mandatory sanction of evidence preclusion should apply to Defendant's

12 nondisclosure.

### 2. *Defendant Must Also Be Responsible for Plaintiff's Attorney's Fees in Bringing this Motion to Compel.*

15      In addition to or in lieu of the sanction of evidence preclusion, courts may also (1) "order

16 payment of the reasonable expenses, including attorney's fees, caused by the failure;" (2) "inform

17 the jury of the party's failure; and" (3) " impose other appropriate sanctions, including any of the

18 orders listed in Rule 37(b)(2)(A)(i)—(vi)." FRCP 37(c)(1)(A)-(C).  Thus, where the court grants a

19 motion to compel disclosure, it "must, after giving an opportunity to be heard, require the party . .

20 . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

21 making the motion, including attorney's fees."  FRCP 37(a)(5)(A).  As with Rule 37's evidence

22 preclusion sanctions, these sanctions are likewise mandatory because the signing parties' signature

23 on the initial disclosures "constitutes a *certification* that it is complete and correct to the best of the

24 signer's knowledge and belief, formed after reasonable inquiry." Schwarzer at § 11:330; FRCP

25 26(g)(1).  Thus, "[i]f that certification is violated, the court *must* (on motion or sua sponte) impose

26 an appropriate sanction on the signer unless substantial justification for the violation is shown."

27 Schwarzer at § 11:330; FRCP 26(g)(3).

28 ///

1    Here, Plaintiff, who attempted to meet and confer with Defendant and agreed to

2    supplement his own initial disclosures, was forced to incur the unnecessary costs, expenses, and

3    attorney's fees of filing this motion to compel Defendant to comply with its initial disclosure

4    obligations. Belong Dec. at ¶ 7.  As such, this Court should award Plaintiff the mandatory

5    sanctions required by Rule 37(a).

6
7
### 3.  *Plaintiff Also Requests Additional Sanctions for Defendant's Failure to Obey the Court's Case Management Order.*

8    If a party, like Defendant, "fails to obey an order to provide or permit discovery," the court

9    where the action is pending may (1) direct "that the matters embraced in the order or other

10   designated facts be taken as established for purposes of the action, as the prevailing party claims;"

11   (2) prohibit "the disobedient party from supporting or opposing designated claims or defenses, or

12   from introducing designated matters in evidence;" (3) strike "pleadings in whole or in part;" (4)

13   stay "further proceedings until the order is obeyed;" (5) dismiss "the action or proceeding in whole

14   or in part;" (6) render "a default judgment against the disobedient party; or" (7) treat "as contempt

15   of court the failure to obey any order except an order to submit to a physical or mental

16   examination." FRCP 37(b)(2)(A)(i)-(vii).

17   Here, the Court's January 21, 2015 Case Management Order directed Defendant to

18   produce its initial disclosures, ***despite the fact that the Court acknowledged that Defendant had a***

19   ***pending motion for judgment on the pleadings.*** *See* Belong Dec. ¶ 3; *see* Ex. A (referencing the

20   April 23, 2015 hearing on the motion for judgment on the pleadings but ordering the defendant to

21   serve its initial disclosures by February 4, 2015 nonetheless); *see* Ex. B.  Defendant's subsequent

22   refusal to disclose, which cited its pending Motion for Judgment on the pleadings as the reason

23   why its categories of documents were so broad, therefore, explicitly disobeyed this Court's Case

24   Management Order, which acknowledged Defendant's pending Motion for Judgment on the

25   pleadings but still did not excuse Defendant from complying with its disclosure obligations. *See*

26   Ex. B. Thus, Plaintiff requests that the Court impose one of the aforementioned sanctions for

27   violation of a court order. *See* FRCP 37(6)(2)(C).

28   ///

1    Additionally, in the case of a motion regarding violation of a court order, "the court must

2    order the disobedient party, . . .to pay the reasonable expenses, including attorney's fees, caused

3    by the failure, unless the failure was substantially justified or other circumstances make an award

4    of expenses unjust." Thus, the fact that Defendant's inadequate disclosures stems from its

5    violation of a court order provides yet another grounds for Plaintiff to recover his attorney's fees.

6    Plaintiff requests monetary sanctions in the amount of $9,527.50.   This amount is based

7    on the reasonable attorneys' fees and costs incurred in researching, drafting, finalizing, filing and

8    serving the instant motion. *See* Belong Decl., ¶¶ 7-9; Exs. E and F.

9

10    **IV.**    **CONCLUSION**

11    For the reasons set forth herein, Plaintiff respectfully requests that this Court grant his

12    motion to compel further initial disclosures from Defendant and awards sanctions against

13    Defendant as requested herein.

14

15    Dated:    March 13, 2015    **HOGUE & BELONG**

16                                    By:    */s/ Tyler J. Belong*

17                                           JEFFREY L. HOGUE, ESQ.
                                            TYLER J. BELONG, ESQ.
                                            BRYCE A. DODDS, ESQ.
18

19                                           Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INITIAL
DISCLOSURES FROM DEFENDANT ORACLE
5:14-cv-04592-LHK